UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JONATHAN N. LANE,

    Plaintiff,

    v.                                    CAUSE NO.: 3:25-CV-1075-TLS-AZ

HONEYCUTT,

    Defendant.

**OPINION AND ORDER**

Jonathan N. Lane, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lane alleges that, on May 17, 2023, Officer Honeycutt of the Fort Wayne Police Department, together with other officers, jumped him and beat him so badly that he ended up in intensive care for seven days. He pled guilty to resisting arrest, under cause number 02D05-2501-F5-000165, so that he could get out of jail, but two years later[1] he was notified that the conviction had been expunged due to a lack of probable cause.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the

---

[1] He does not provide an exact date.

totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene' . . . ." *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id*. (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (cleaned up). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id*.

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id*. (cleaned up).

Here, Lane provides few details regarding the incident, but he does allege that his conviction for resisting was expunged due to a lack of probable cause. Although these

allegations are sparse and additional factfinding may reveal the officer's actions were reasonable based on the circumstances that unfolded, giving Lane the benefit of the inferences to which he is entitled at this stage, he has stated plausible Fourth Amendment claims against Officer Honeycutt.[2]

For these reasons, the Court:

(1) GRANTS Jonathan N. Lane leave to proceed against Officer Honeycutt in his individual capacity for compensatory and punitive damages for using excessive force against him on May 17, 2023, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the Clerk of Court, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Honeycutt at the Fort Wayne Police Department, with a copy of this order and the complaint (ECF 1);

---

[2] The Court is mindful that, in Indiana, a two-year statute of limitations applies to Fourth Amendment excessive force claims brought pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). Furthermore, excessive force claims accrue when the plaintiff has "knowledge of the injury and that the defendant or an employee of the defendant acting within the scope of his or her employment may have caused the injury." *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) (quoting *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013)); *see also Foryoh v. Triton Coll.*, 197 F. App'x 500, 501 (7th Cir. 2006) (explaining that an excessive force claim brought in connection with an arrest accrues "at the time of the arrest"). Lane did not initiate this case until December 8, 2025, even though the alleged incident occurred in May 2023. The statute of limitations is an affirmative defense, and while dismissal is appropriate when the complaint makes it clear that the claims are time barred, under the circumstances of this case, dismissal at the screening stage would be premature. *See, e.g.*, *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009); *see also Koch v. Gregory*, 536 F. App'x 659, 660 (7th Cir. 2013) ("[The plaintiff's] only other argument on appeal is that the district judge erred by considering the statute of limitations prematurely at the screening stage. But the language of [the plaintiff's] complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate.").

(4) ORDERS the Fort Wayne Police Department to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Honeycutt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 21, 2026.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT