**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JONATHAN N. LANE,

    Plaintiff,

       v.                          CAUSE NO. 3:25-CV-1075-TLS-AZ

HONEYCUTT,

    Defendant.

<u>OPINION AND ORDER</u>

Jonathan N. Lane, a prisoner without a lawyer, filed an amended complaint. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lane alleges that, on May 17, 2023, Officer Ryan Honeycutt of the Fort Wayne Police Department, together with other officers, "put [him] in the I.C.U."[1] ECF 17 at 2. He further alleges that he was charged "without probable cause," but he provides no details to support this conclusion. He pled guilty to an offense stemming from his arrest on November 3, 2023.[2] Lane

---

[1] Lane's earlier complaint alleged that Officer Honeycutt jumped him and beat him so badly that he ended up in intensive care for seven days. ECF 1.

[2] Lane's amended complaint does not indicate what charge or charges he pled guilty to, but his earlier complaint alleged that he pled guilty to resisting arrest under cause number 02D05-2501-F5-000165. ECF 1 at 2. This cause number is, however, incorrect. Lane pled guilty to resisting arrest under cause number 02D05-2305-F5-000165.

asserts that, in March 2024, the Indiana Supreme Court expunged his charges, finding that probable cause was lacking.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . . .'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id*. (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (cleaned up). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id*.

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a

2

crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (cleaned up).

Here, Lane provides few details regarding the incident. Although his allegations are sparse and additional factfinding may reveal the officer's actions were reasonable based on the circumstances that unfolded, giving Lane the benefit of the inferences to which he is entitled at this stage, he may proceed on a Fourth Amendment excessive force claim against Officer Honeycutt.[3]

In his amended complaint, Lane is also suing Officer Honeycutt for wrongful arrest. The Fourth Amendment protects against unlawful pretrial detention, both before and after formal legal process. *Washington v. City of Chicago*, 98 F.4th 860, 863 (7th Cir. 2024). Implicit in any such unlawful detention—whether false arrest, false imprisonment, wrongful detention, or malicious prosecution—is that the arrest and/or detention is not supported by probable cause. *Wang v. City of Indianapolis*, No. 24-2664, 2025 WL 1000158, at *5 (7th Cir. Apr. 3, 2025) (citing *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015)). "If the proceeding is tainted—such as by fabricated evidence—and the result is that probable cause is lacking, then the ensuing pretrial detention violates the confined person's Fourth Amendment rights." *Washington*, 98 F.4th at 863 (quoting *Manuel v. City of Joliet*, 580 U.S. 357, 312 (2017) (cleaned up)).

---

[3] The court again notes, as it did in the earlier screening order (ECF 1) that in Indiana, a two-year statute of limitations applies to Fourth Amendment excessive force claims brought pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). Furthermore, excessive force claims accrue when the plaintiff has "knowledge of the injury and that the defendant or an employee of the defendant acting within the scope of his or her employment may have caused the injury." *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) (quoting *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013)); *see also Foryoh v. Triton Coll.*, 197 F. App'x 500, 501 (7th Cir. 2006) (explaining that an excessive force claim brought in connection with an arrest accrues "at the time of the arrest"). Lane did not initiate this case until December 8, 2025, even though the alleged incident occurred in May 2023. The statute of limitations is an affirmative defense, and Defendant Honeycutt has raised this argument in a motion for judgment on the pleadings currently pending before the court. ECF 14. That issue will, however, be addressed in a separate opinion.

3

"Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (cleaned up). In general, "[p]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred." *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021) (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)). Probable cause is not a "high bar," and requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Washington*, 98 F.4th at 875. Additionally, once a judicial determination of probable cause has occurred in a criminal case, a "rebuttable presumption of probable cause" arises in the related civil case. *Id*. at 863. That presumption can be overcome by showing the defendants: (1) "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer," and (2) "that the false statements were necessary to the judicial officer's determination that probable cause existed for the arrest." *Id*. at 864 (quoting *Whitlock*, 596 F.3d at 410).

Here, Lane asserts that there was not probable cause to arrest him, but he supports this conclusion with only one allegation: his conviction was allegedly expunged after a finding that there was a lack of probable cause. A review of the state court docket for *State of Indiana v. Lane*, 62D05-2305-F5-000165 (filed May 24, 2023), shows that Magistrate Judge John C. Bohdan, II, issued an order finding probable cause on May 24, 2023. Lane pled guilty to resisting arrest on November 3, 2023, and he was sentenced to time served. The state court docket does not show that an appeal was taken or that the judgment was vacated or expunged. Lane provides no details whatsoever about the events that led up to his arrest. He does not allege that Officer

4

Honeycutt made a false statement to the judicial officer or that the allegedly false statement was necessary to the judicial finding that there was probable cause to arrest Lane. Therefore, he has not plausibly alleged a wrongful arrest claim against Officer Honeycutt.

Additionally, Lane named Det. S. Buffenbarger, Det. Scott Straub, and the Fort Wayne Police Department as defendants. His allegations against Det. Buffenbarger stem from events occurring on July 9, 2025, while his allegations against Det. Straub stem from events occurring on November 26, 2025. He has sued Det. Buffenbarger and Det. Straub here because Officer Honeycutt, Det. Buffenbarger, and Det. Straub all work for the Fort Wayne Police Department.

Lane can only proceed against the Fort Wayne Police Department if his constitutional rights were violated due to its policies, practices, or customs. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The police department cannot be held vicariously liable for the unconstitutional acts of their employees under a theory of *respondeat superior*. *See e.g., Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Lane's amended complaint does not allege that any policy, practice, or custom of the Fort Wayne Police Department caused his rights to be violated. Therefore, he may not proceed against it.

Furthermore, Lane's allegations against Ryan Honeycutt, Det, Buffenbarger, and Det. Straub each stem from separate incidents. "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a pro se prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). One way to address a complaint raising unrelated claims is to dismiss excess defendants. *See id.* at 683 ("A district judge [can] solve the problem by . . . dismissing the excess

5

defendants under Fed.R.Civ.P. 21."). Here, the case was already proceeding on Lane's claim against Officer Honeycutt, so Det. Buffenbarger and Det. Straub will be dismissed.

Finally, the court notes that Officer Honeycutt has filed a motion for judgment on the pleadings based on his statute of limitations defense. ECF 14. This screening order does not alter the claim that is proceeding in this case, and that motion will therefore remain pending, but it will be addressed in a separate order.

For these reasons, the court:

(1) DISMISSES Jonathan N. Lane's claims against Det. S. Buffenbarger and Det. Scott Straub pursuant to Federal Rule of Civil Procedure 21;

(2) GRANTS Jonathan N. Lane leave to proceed against Officer Honeycutt in his individual capacity for compensatory and punitive damages for using excessive force against him on May 17, 2023, in violation of the Fourth Amendment, which is the same claim on which the Court granted the plaintiff leave to proceed against Officer Honeycutt in the original Complaint;

(3) DISMISSES all other claims;

(4) CONSTRUES Officer Honeycutt's Answer [ECF 10] and pending, fully briefed Motion for Judgment on the Pleadings [ECF No. 14] as applying to this same claim in the Amended Complaint as was pleaded in the original Complaint and on which the plaintiff has again been granted leave to proceed in this screening order.

SO ORDERED on June 11, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

6