**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JONATHAN N. LANE,

        Plaintiff,

        v.

RYAN HONEYCUTT,

        Defendant.

CAUSE NO.: 3:25-CV-1075-TLS-AZ

**AMENDED OPINION AND ORDER[1]**

This matter is before the Court on the Defendant's Motion for Judgment on the Pleadings [ECF No. 14] in which Defendant Ryan Honeycutt seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the Complaint is barred by the applicable two-year statute of limitations. For the reasons set forth below, the Court grants the motion.

**PROCEDURAL BACKGROUND**

Plaintiff Jonathan N. Lane, a prisoner proceeding without counsel, filed his Complaint on December 22, 2025. ECF No. 1. The Court granted the Plaintiff leave to proceed against Defendant Officer Honeycutt in his individual capacity for compensatory and punitive damages for using excessive force against the Plaintiff on May 17, 2023. ECF No. 6. The Plaintiff alleges that the Defendant jumped him and beat him so badly that he ended up in intensive care for seven days. The Defendant filed an Answer on February 18, 2026. ECF No. 10. On February 25, 2026, the Defendant filed the instant Motion for Judgment on the Pleadings. ECF No. 14. The Plaintiff filed a response on March 11, 2026, ECF No. 24, and the Defendant filed a reply on March 17, 2026, ECF No. 26. The motion is fully briefed and ripe for ruling.

---

[1] This Opinion and Order is amended solely to correct, on page 4, the date the Plaintiff put his Complaint in the prison mail system from December 8, 2026, to December 8, 2025. *See* Fed. R. Civ. P. 60(a).

While the motion was being briefed, the Plaintiff filed an Amended Complaint to bring an additional claim against Defendant Officer Honeycutt for wrongful arrest as well as claims against additional defendants. ECF No. 17. On June 11, 2026, the Court screened the Amended Complaint and dismissed all claims except the Fourth Amendment claim against Defendant Officer Honeycutt in his individual capacity for compensatory and punitive damages for using excessive force against him on May 17, 2023, which is the same claim on which the Court granted the Plaintiff leave to proceed against Defendant Officer Honeycutt in the original Complaint. ECF No. 28. The Court also construed Defendant Officer Honeycutt's Answer [DE 10] and the fully briefed instant Motion for Judgment on the Pleadings [ECF No. 14] as applying to this claim realleged in the Amended Complaint.

## LEGAL STANDARD

The Defendant moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *See Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "It is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

**ANALYSIS**

The Defendant moves for judgment as a matter of law, arguing that the Plaintiff's Fourth Amendment excessive force claim in the December 22, 2025 Complaint is barred by the applicable two-year statute of limitations. Although a plaintiff's "complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations," *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)), "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim," *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) (citation omitted).

In Indiana, a two-year statute of limitations applies to Fourth Amendment excessive force claims brought pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). And an excessive force claim accrues when the plaintiff has "knowledge of the injury and that the defendant or an employee of the defendant acting within the scope of his or her employment may have caused the injury." *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) (quoting *Arteaga v.*

*United States*, 711 F.3d 828, 831 (7th Cir. 2013)); *see also Foryoh v. Triton Coll.*, 197 F. App'x 500, 501 (7th Cir. 2006) (explaining that an excessive force claim brought in connection with an arrest "accrues at the time of the arrest" (citations omitted)).

The Plaintiff initiated this case on December 8, 2025, when he placed his Complaint in the prison mail system.[2] However, the Complaint alleges that the incident on which he has been granted leave to proceed against the Defendant occurred May 17, 2023, when the Defendant "jump and beat me so bad." ECF No. 1. The Plaintiff had knowledge of his injury and that the Defendant caused the injury on May 17, 2023. Thus, the Plaintiff had two years, through May 17, 2025, to file his Complaint but did not do so until December 8, 2025. Thus, the claim is barred by the two-year statute of limitations.

In his response, the Plaintiff contends that the Defendant's use of excessive force on May 17, 2023, affected both his "physical, blunt trauma to [his] head and body" and his "mental, emotional, and behavior." ECF No. 24, p. 1. However, the Plaintiff offers no law to support his suggestion that his alleged emotional and mental trauma from the physical injuries extends the two-year statute of limitations. *See, e.g.*, *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 801 (7th Cir. 2008) ("The statute of limitations begins to run upon injury (or, as is standardly the case with federal claims, upon discovery of the injury) and is not tolled by subsequent injuries." (citations omitted)). The Plaintiff knew the alleged excessive force occurred on May 17, 2023, and the Complaint alleges that he sustained physical injuries on that date. Accordingly, the Court grants the Defendant's motion because the Plaintiff's claim is barred by the statute of limitations.

---

[2] Under the prisoner mailbox rule, a prisoner's filings with the Court are deemed filed on the date the filings are placed in the prison mail system. *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings [ECF No. 14], DENIES as moot the Plaintiff's Motion to Consolidate Cases[ ECF No. 25], and ORDERS that this case is DISMISSED.

SO ORDERED on July 13, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT